11-3897-cr
*United States v. Johnson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5ᵗʰ day of November, two thousand twelve.

PRESENT:    JOHN M. WALKER, JR.,
            DEBRA ANN LIVINGSTON,
            CHRISTOPHER F. DRONEY,
                        *Circuit Judges*.

———————————————————

UNITED STATES OF AMERICA,
            *Appellee*,

-v.-                                    No. 11-3897-cr

SIRMAIR JOHNSON,
            *Defendant-Appellant*.

———————————————————

For Appellee:            EMILY BERGER, PAMELA K. CHEN, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Rochester, New York

For Defendant-Appellant:    SALLY WASSERMAN, New York, New York

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Sirmair Johnson ("Johnson") appeals from a judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*), dated September 19, 2011, revoking his supervised release and sentencing him to 24 months' incarceration after he pled guilty to a violation of the terms of supervised release. On appeal, Johnson challenges the procedural and substantive reasonableness of his sentence. Specifically, Johnson argues both that his sentence was unreasonable because the district court failed to cite or analyze the factors listed in 18 U.S.C. § 3553(a), and that it was overly harsh.[1] We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review sentences for violations of supervised release for reasonableness, applying an abuse of discretion standard. *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). Since Johnson concedes that he failed to object below, his challenges are subject to plain error analysis. *See United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007).

**I. Procedural Reasonableness**

Johnson admits that his sentence of two years' incarceration was statutorily permissible, but argues that the district court did not conduct a proper sentencing analysis because it did not directly cite or sufficiently refer to the factors listed in 18 U.S.C. § 3553(a) during sentencing. We disagree.

---

[1] In his brief, Johnson also argues that the district court failed to provide a statement of reasons for his above-Guidelines sentence pursuant to 18 U.S.C. § 3553(c)(2). Counsel withdrew this argument during oral argument.

When a judge imposes a sentence for a violation of supervised release, 18 U.S.C. § 3583(e)(3) requires that he consider the factors listed in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable Guidelines range, and the need for deterrence, among others. *See* 18 U.S.C. § 3553(a). However, we "take a deferential approach" in our review of compliance with this prescription, and "refrain from imposing any rigorous requirement of specific articulation by the sentencing judge." *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005); *see United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) ("we do not require robotic incantations that the district court has considered each of the § 3553(a) factors" (internal quotation marks omitted)). Therefore, we will not assume, simply because the sentencing judge did not explicitly cite § 3553(a) or list each factor therein, that the court failed to take into account the relevant statutory considerations. *See Verkhoglyad*, 516 F.3d at 129 ("[I]n the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." (internal quotation marks omitted)).

The transcript of Johnson's sentencing shows that the court was not only aware of the nature of Johnson's violation of supervised release and the applicable Guidelines range, but also that he was familiar with Johnson's history and characteristics. At sentencing, the court heard presentations from Johnson's attorney, who asked for a within-Guidelines sentence of four-to-ten months; the prosecutor; and Johnson's probation officer, who detailed Johnson's uncooperative attitude and noncompliance with requirements of supervision. The court recognized during sentencing that this was the "second time around" for Johnson, who was previously sentenced to 12-months-and-one-day's incarceration for two prior violations of supervised release. As Judge Dearie told Johnson,

"I recall you, individually – and it's not easy to do all the time – from the original sentence and from the first violation." Judge Dearie also stated that he was "aware" that Johnson's current violation was based on the same kind of behavior as his prior violation, and noted that Johnson had "blown [] off" drug testing. After hearing the parties' presentations, Judge Dearie expressed his "frustration" with Johnson's subsequent violation because he "saw some real potential in [Johnson]." The judge imposed an above-Guidelines sentence of two years' imprisonment and explained to Johnson, "There will be no further supervision for you . . . We've offered [resources] repeatedly. You chartered your own course, and that's just too darn bad. Just too darn bad. Everything was in place, I thought, to give you a shot. First time and second time. The only thing missing was you."

Thus, although the sentencing court did not specifically cite or list the § 3553(a) factors, the record clearly demonstrates that Judge Dearie imposed Johnson's sentence after consideration of the nature of the current violation and Johnson's history of infractions, as well as Johnson's personal history and characteristics, including an unwillingness to cooperate with Probation or follow the directives of the court. Crediting the district court's familiarity with the record and the parties, and since there is nothing in the record to the contrary, "we will accept that the requisite consideration has occurred." *Fleming*, 397 F.3d at 100; *see id.* ("[O]ur context is that of experienced district judges, familiar with both the substantive content of relevant law and procedural requirements, who face the daunting task of administering heavy caseloads."). We therefore find no reason to doubt the procedural reasonableness of the sentence.

## II. Substantive Reasonableness

Johnson also challenges the substantive reasonableness of his sentence, arguing that two years' imprisonment "reflects an unreasonably harsh response" to a violation of supervised release

4

based on possession of marijuana. "In reviewing for substantive reasonableness, we consider the totality of the circumstances, and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions[.]" *United States v. Mason*, 692 F.3d 178, 181 (2012) (internal quotation marks and citations omitted).

This is not one of those exceptional cases. *See Fleming*, 397 F.3d at 100-101 (affirming two-year sentence for defendant's third violation of supervised release). As explained above, the district court sentenced Johnson after consideration of the factors listed in 18 U.S.C. § 3553(a), including his history of substance abuse, repeated violations of the law and disregard for the terms of his supervision – all of which could reasonably lead a court to conclude that an upward departure from the Guidelines was warranted. And given that Johnson had received a substantial downward departure on his original sentence, an upward departure was well within the contemplated range of permissible decisions. *See* U.S.S.G. § 7B1.4, comment n.4 (noting that for violations of supervised release, "[w]here the original sentence was the result of a downward departure . . ., an upward departure may be warranted"). Therefore, since Johnson's sentence was neither "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009), we cannot conclude that Johnson's sentence was substantively unreasonable, and we affirm the district court's sentence in its entirety.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5