13-2568-cr
USA v. Isa

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of April, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         GERARD E. LYNCH,
                      **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         **Appellee**,

         -v.-                                          **13-2568-cr**

NIDAL ISA,
         **Defendant-Appellant**.*
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:             LAURIE S. HERSHEY, Manhasset,
                           New York.

---

* The Clerk of Court is directed to amend the caption as above.

1

**FOR APPELLEE:**
LEE RENZIN, Assistant United States Attorney, Of Counsel (Michael A. Levy, Assistant United States Attorney, Of Counsel, <u>on the brief</u>), <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a sentence of the United States District Court for the Southern District of New York (Bricetti, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Nidal Isa appeals from a judgment of conviction entered on June 18, 2013, sentencing him chiefly to 36 months' imprisonment. He challenges the procedural and substantive reasonableness of the sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Isa pleaded guilty on September 10, 2012 to a four-count indictment: conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, as well as other controlled substances, in violation of 21 U.S.C. §§ 841, 846 (Count One); conspiracy to possess a chemical precursor to one drug with intent to manufacture a controlled substance, in violation of 21 U.S.C. §§ 841, 846 (Count Two); conspiracy to transport individuals in interstate commerce for the purpose of engaging in prostitution, in violation of 18 U.S.C. §§ 371, 2421 (Count Three); and bank fraud, in violation of 18 U.S.C. § 1344 (Count Four).

At sentencing, the parties ultimately agreed that Isa's Sentencing Guidelines range was 70 to 87 months. The mandatory minimum of 60 months on Count One was obviated by sufficient findings of the district court, which ultimately imposed a 36-month sentence, roughly half of his Guidelines range, to adequately account for Isa's relative culpability and adjustments made to the Guidelines calculation at the sentencing hearing.

We review criminal sentences deferentially, for reasonableness only. See Gall v. United States, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009). The standard of review for both inquiries is abuse of discretion. United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008).

Procedural Reasonableness. "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall, 552 U.S. at 51).

Isa argues the district court erred in not departing from a Category III criminal history to a Category II under U.S.S.G. § 4A1.3(b)(1).[1] "'[A] refusal to downwardly depart is generally not appealable,' and . . . review of such a denial will be available only 'when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.'" United States v. Stinson, 465 F.3d 113, 114 (2d Cir. 2006) (per curiam) (quoting United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005)). "In the absence of 'clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority,' we presume that a sentence judge understood the scope of his authority." Id. (quoting United States v. Gonzalez, 281 F.3d 38, 42 (2d Cir. 2002)).

---

[1] Under U.S.S.G. § 4A1.3(b)(1) a "downward departure" may be warranted if "the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." "We have called this a 'horizontal departure,' as it results in a move from right to left on the sentencing grid." United States v. Ingram, 721 F.3d 35, 38-39 (2d Cir. 2013) (internal citation omitted).

3

Nothing in the record suggests that the district court failed to understand its authority to grant the requested departure.  Rather, the record indicates that the district court considered Isa's request for a downward departure and cited "specific reasons" for rejecting it on the merits.  Ingram, 721 F.3d at 39; see Tr. of Sentencing at 19-21, June 11, 2013 (concluding, after a thorough review of Isa's lengthy criminal history, that "I'm not going to downwardly depart from Category III, because I really don't think, under these facts, that it's fair to conclude that Category III overstates his criminal history").  We therefore reject Isa's claim of procedural error.

Substantive Reasonableness.  Finally, Isa challenges his sentence as substantively unreasonable.  "In reviewing [a sentence] for substantive reasonableness, we consider the totality of the circumstances, and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions[.]" United States v. Mason, 692 F.3d 178, 181 (2d Cir. 2012) (internal quotation marks and citation omitted).  The standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law."  United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

Isa's principal argument is that he should not have received the same 36-month sentence as Firas Yousef.  However, the parity in sentences does not "shock the conscience."  Isa and Yousef were not found guilty of similar conduct; the scope of Isa's criminal conduct was far broader than Yousef's; and Yousef was convicted only of a single count of conspiracy to distribute narcotics and a single count of attempted use of a fraudulent medical prescription.

In any event, Isa's claim is wholly meritless.  Yousef's Guidelines range (51 to 63 months) was far lower than Isa's (70 to 87 months).  Although they both received a 36-month sentence, Isa enjoyed a greater variance (in relative and absolute terms) from the applicable Guidelines range.  In short, Isa was treated with the greater leniency that he claims to merit.

4

Ultimately, the record shows that the district court thoughtfully considered all of the relevant sentencing factors Isa presented, such as his battles with substance abuse, in light of the seriousness of his offenses of conviction and his (lengthy) criminal history.  After doing so, the district court imposed a sentence well below the advisory Guidelines range <u>and</u> the otherwise applicable mandatory minimum.  Based on our review of the record, we cannot conclude that that sentence is substantively unreasonable.

For the foregoing reasons, and finding no merit in Isa's other arguments, we hereby AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5