United States v. Mason

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————————

August Term, 2011

(Submitted: January 20, 2012

Decided: September 4, 2012)

Docket No. 11-544

————————————

UNITED STATES OF AMERICA,

*Appellee,*

v.

RODNEY MASON,

*Defendant-Appellant*.

————————————

Before: WALKER, POOLER, and LIVINGSTON, *Circuit Judges*.

Rodney Mason appeals from a 33-month sentence of the United States District Court for

the District of Vermont (Reiss, *Ch. J.*), imposed on January 4, 2011, after he pleaded guilty to

being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Mason argues that the district court erred in denying him a sentencing reduction under the

"lawful sporting purposes" provision of the United States Sentencing Guidelines. Mason argues

that the district court misinterpreted that provision as requiring Mason to prove that he actually

used each firearm for lawful sporting purposes. We hold that the proper focus of the inquiry

whether a defendant is eligible for the "lawful sporting purposes" reduction is the defendant's

purpose for possessing the firearm, determined by considering all relevant surrounding

circumstances of possession—including, but not limited to, actual use. By focusing exclusively on Mason's actual use of the firearms he possessed, the district court misinterpreted the Guideline, but we conclude that the error was harmless because the district court would have denied the reduction absent any error.

Affirmed.

_____

NATASHA SEN, Assistant Federal Public Defender, Barclay T. Johnson, Research and Writing Attorney, *for* Michael L. Desautels, Federal Public Defender, District of Vermont, Burlington, VT, *for Defendant-Appellant.*

WENDY L. FULLER, Gregory L. Waples, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT, *for Appellee*.

POOLER, *Circuit Judge*:

Rodney Mason appeals from a January 4, 2011 judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*) convicting him, following a guilty plea, of one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Mason principally to a term of imprisonment of thirty-three months. Mason challenges the sentence, arguing that the district court erred by denying a reduction under the "lawful sporting purposes" provision. Section 2K2.1(b)(2) of the United States Sentencing Guidelines ("U.S.S.G."), allows a reduction in sentence where a defendant possessed each firearm "solely for lawful sporting purposes or collection." On appeal, Mason argues principally that the district court misinterpreted Section 2K2.1(b)(2) as requiring Mason to prove that he actually used each firearm for lawful sporting purposes. We write to clarify that the purpose of possession under Section 2K2.1(b)(2) is not synonymous with actual use; the

2

purpose of possession should be determined by considering all relevant surrounding circumstances of possession, including, but not limited to, actual use. *See* U.S.S.G. § 2K2.1(b)(2) & cmt. n.6. We agree with Mason that the district court erred by treating the inquiry into purpose of possession as equivalent to an inquiry into actual use, but we conclude that the error was harmless because the district court would have denied the reduction absent any error. Accordingly, we affirm the judgment of the district court.

## BACKGROUND

On July 1, 2010, Mason was indicted on a single count of being a convicted felon who knowingly possessed a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On September 10, 2010, Mason entered a plea of guilty pursuant to a plea agreement in which he stipulated that he was subject to a two-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(1)(A) for having possessed at least three firearms as part of his relevant offense conduct.

In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR concluded that Mason had possessed four firearms: a 12 gauge shotgun; a .22 caliber rifle; a 20 gauge shotgun; and a 16 gauge shotgun. The PSR determined that Mason was ineligible for the "lawful sporting purposes" reduction because Masons's prior felony conviction of unlawful restraint in the second degree, *see* Vt. Stat. Ann. tit. 13, § 2406(a)(1), was a "crime of violence" under the Guidelines, *see* U.S.S.G. § 2K2.1(b)(2) (limiting eligibility for the reduction to defendants not subject to certain offense-level enhancements, including an enhancement for a prior felony conviction of a crime of violence). The probation officer supported granting Mason the reduction, however, if the district court were to determine that the prior conviction did not constitute a "crime of violence."

3

Before sentencing, Mason briefed the threshold "crime of violence" issue and submitted evidence to demonstrate that he had possessed the firearms solely for lawful sporting purposes. Mason cited the PSR, which had noted that Mason described having hunted and fished as a child. Mason also provided documentation of his annual Vermont state hunting licenses for 2003 and 2009, and combined hunting and fishing licenses for 2004, 2006, and 2007. In addition, Mason relied on the written statements of several witnesses. John Harris provided a sworn statement addressing the 16 gauge shotgun and .22 caliber rifle. Harris averred that he had lent Mason the shotgun, and that Mason used it to hunt birds. He had seen the rifle in Mason's residence and averred that Mason "probably hunt[ed] rabbits with it." Harris also stated, however, that he had "never seen [Mason] fire guns," and that Harris had never hunted with Mason. In unsworn letters to the court, Ticona Masson, Mason's first cousin, described Mason as "an avid gardener and hunter-fisherman," and Penny Strong wrote that Mason "loved to beagle hunt." Neither Masson nor Strong identified any firearm that Mason had used or described any instance of having seen Mason hunt. Mason asserted in his sentencing memorandum that "[t]he firearms at issue in this case are all shotguns or rifles typically used for hunting," but did not provide evidence to support that assertion.

In opposition, the government introduced a federal agent's summary of a statement by witness Amber Lamare, who described having seen Mason at her home with a long gun, and described him as having been drunk, acting "crazy, cursing, and [threatening] to sho[o]t trees and animals."

At the sentencing hearing on December 30, 2010, Mason did not call any witnesses, but relied on the documents described above, which the court received into evidence. Following oral argument, the district court denied the lawful sporting purposes reduction. The court decided the

threshold eligibility issue in Mason's favor, concluding that Mason's prior conviction did not constitute a crime of violence.[1]  The court went on to determine that Mason had nonetheless failed to satisfy his burden of demonstrating eligibility for the reduction because there was "insufficient evidence that each of those [four] guns was used for a lawful sporting . . . purpose, and that is what is required by the Defendant to establish in order to have the six level reduction."  The district court based this decision on the absence of eyewitness observers of Mason's hunting, Mason's failure to use a gun closet, Mason's statements as reported by witness Lamare, the court's conclusion that Mason possessed more firearms than were necessary for hunting, and the fact that Mason possessed firearms owned by other people.  The court reasoned in relevant part:

> Mr. Mason has produced evidence of hunting and fishing licenses, but there isn't a single person in the evidence before the Court that indicates that they have been present with Mr. Mason while he has been hunting.  I understand letters from the family that are not sworn may indicate that, but the evidence before the Court certainly does not, and . . . Mr. Harris states he has never seen Mr. Mason fire a gun and he has never gone hunting with him.

The district court otherwise adopted the factual findings in the PSR.  The court imposed a sentence of thirty-three months' imprisonment, the minimum term of imprisonment under the applicable advisory Guidelines range.  Had the district court granted Mason the lawful sporting purposes reduction, the applicable Guidelines range would have been nine to fifteen months' imprisonment.

---

[1]On appeal, the government does not challenge the district court's ruling that Mason's conviction was not a crime of violence.

## DISCUSSION

### I.

We review sentences for procedural and substantive reasonableness under an abuse of discretion standard. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Procedural errors include "treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing for substantive reasonableness, we consider "the totality of the circumstances," *id.*, and reverse "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

Mason bore the burden of proving, by a preponderance of the evidence, that he was entitled to the lawful sporting purposes reduction. *See United States v. Halpin*, 139 F.3d 310, 311 (2d Cir. 1996). "We review the district court's findings of fact [at sentencing] for clear error and accord deference to the court's application of the Guidelines to the facts." *United States v. Kerley*, 544 F.3d 172, 179 (2d Cir. 2008). "When a defendant challenges the district court's interpretation of a Guidelines provision, we review this interpretation of the Guidelines—just as we would review the interpretation of any law—*de novo*." *United States v. Hasan*, 586 F.3d 161, 168 (2d Cir. 2009) (emphasis omitted). Since Mason challenges the district court's interpretation of Section 2K2.1(b)(2), we review that interpretation de novo.

### II.

Mason principally argues that the district court erred in requiring that Mason prove that "all of the firearms were *used* for lawful sporting purposes," instead of focusing more broadly on the purpose of Mason's *possession*. Sentencing Tr. 64 (emphasis added). We have construed

6

the lawful sporting purposes reduction in only one prior published decision, *Halpin*, where we held that possession of a firearm for purposes of self defense does not qualify a defendant for the reduction. 139 F.3d at 311. We have not previously addressed the question presented here, whether a defendant must prove that he has actually used each firearm for a lawful sporting purpose in order to qualify for the reduction.

When construing the Guidelines, "we employ basic rules of statutory construction and give all terms in the Guidelines their ordinary meanings unless there are persuasive reasons not to do so." *United States v. Roberts*, 442 F.3d 128, 129 (2d Cir. 2006). "[W]e construe the guideline and its commentary together." *United States v. Pedragh*, 225 F.3d 240, 245 (2d Cir. 2000); *see United States v. Walker*, 595 F.3d 441, 445 (2d Cir. 2010) ("Since the commentary is part and parcel of the Sentencing Guidelines Manual the two are to be read together." (quoting *Pedragh*, 225 F.3d at 244) (internal quotation marks and alterations omitted)).

Both Section 2K2.1(b)(2) and Application Note 6 distinguish between possession for lawful sporting purposes and actual use for those purposes. Section 2K2.1(b)(2) calls for a reduction to a base offense level of 6 if, in relevant part, the district court finds that "the defendant . . . *possessed* all ammunition and firearms solely for lawful sporting purposes or collection, *and* did not unlawfully *discharge* or otherwise unlawfully *use* such firearms or ammunition." U.S.S.G. § 2K2.1(b)(2) (emphasis added). By using the conjunctive "and," this provision establishes two requirements: (1) *possessing* the firearms in question solely for lawful sporting purposes or collection, and (2) not *using* those firearms in an unlawful manner. Application Note 6 directs that lawful sporting purposes are to be "determined by the surrounding circumstances" of possession. U.S.S.G. § 2K2.1 cmt. n.6. As examples of "[r]elevant surrounding circumstances," Application Note 6 lists: (1) "the number and type of

7

firearms"; (2) "the amount and type of ammunition"; (3) "the location and circumstances of possession *and actual use*"; (4) "the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms)"; and (5) "the extent to which possession was restricted by local law." *Id.* (emphasis added).

Section 2K2.1(b)(2) and Application Note 6 thus refer separately to both "possession" and "use." "As a general matter, the use of different words within the same statutory context strongly suggests that different meanings were intended." *United States v. Maria*, 186 F.3d 65, 71 (2d Cir. 1999). The Guideline and Application Note cannot be read to require a showing that the defendant actually used each firearm for lawful sporting purposes. Instead, as other courts considering this question have concluded, the relevant inquiry is the broader question whether, in the totality of the circumstances, a defendant possessed firearms with the *intent* to use them for a lawful sporting purpose. *See, e.g.*, *United States v. Ramirez-Rios*, 270 F.3d 1185, 1187 (8th Cir. 2001) ("In determining whether § 2K2.1(b)(2) applies, the focus of the inquiry is the '*intended* lawful use' as determined by the surrounding circumstances." (emphasis added)); *see also United States v. Collins*, 313 F.3d 1251, 1254-55 (10th Cir. 2002) (discussing "need to conduct a broad analysis of the factual context before determining whether [Section 2K2.1(b)(2)] can be applied").

Certainly, evidence of actual use is relevant to that inquiry, and may even be dispositive. A finding that the defendant used the firearm for unlawful purposes would disqualify him or her altogether. *See* U.S.S.G. § 2K2.1(b)(2). Moreover, since Application Note 6 includes "the location and circumstances of possession and actual use" as relevant surrounding circumstances, evidence that the defendant used the firearms for purposes unrelated to sporting or collection, even if otherwise lawful, would tend to show that the defendant did not possess the firearms

8

"*solely* for lawful sporting purposes."  We observe, however, without deciding the question, that there is authority that such evidence of lawful, non-sporting use may not necessarily preclude a defendant from establishing, in the totality of the circumstances, that he possessed a firearm solely for lawful sporting purposes.  *See e.g.*, *Collins*, 313 F.3d at 1256 (holding that two isolated uses of a firearm as collateral to secure vehicle repairs need not preclude eligibility if defendant otherwise demonstrated possession solely for lawful sporting purposes); *cf. United States v. Miller*, 547 F.3d 718, 720 (7th Cir. 2008) ("The sale of a single weapon does not inevitably prevent a person from being a collector under § 2K2.1(b)(2).").  In addition, evidence that a defendant had used a firearm for lawful sporting purposes would support his claim that he possessed it solely for lawful sporting purposes.

But the Guidelines state no requirement that a defendant produce evidence of his actual use of the firearms in question.  Indeed, by including evidence of actual use among a list of five nonexhaustive "[r]elevant surrounding circumstances," Application Note 6 appears to contemplate that a defendant could establish eligibility for the reduction without providing evidence as to how he or she used the firearms in question.  We observe, for example, that, consistent with the Guidelines, a defendant could demonstrate that he or she had never used the firearms, but had acquired and maintained possession of them with the sole intention of using them for a lawful sporting purpose at some future date.  Moreover, to conclude that a defendant must demonstrate that he or she actually used each firearm would conflict with the holdings of the Eighth and Tenth Circuits that a defendant can establish eligibility by showing that he or she possessed the firearms at issue in furtherance of the lawful sporting purposes or collection of another person.  *See United States v. Mojica*, 214 F.3d 1169, 1174 (10th Cir. 2000) (interpreting Section 2K2.1(b)(2) to include "situations in which the defendant is not the sports enthusiast or

9

collector but his possession is solely associated with or related to lawful sporting or collection

purposes . . . , such as in transporting or holding the firearm for another's lawful sporting or

collection purpose"); *United States v. Moit*, 100 F.3d 605, 607 (8th Cir. 1996) (rejecting the

contention "that one who possesses a gun collection owned by another can never receive a

section 2K2.1(b)(2) decrease").  For the purposes of this appeal, we need not determine the

precise scope of the Guideline; it is sufficient to conclude from the text of the Guideline and

Application Note 6 that the question whether a defendant possessed a firearm solely for lawful

purposes is not interchangeable with the question whether a defendant used a firearm solely for a

lawful sporting purpose.

### III.

In light of our interpretation of Section 2K2.1(b)(2) and Application Note 6, we conclude

that the district court misinterpreted the Guideline.  The district court did acknowledge the

correct "purpose of possession" standard in passing, but from the court's initial framing of the

inquiry, *see* Sentencing Tr. 64 ("The Defendant needs to prove that all of the firearms were *used*

for lawful sporting purposes." (emphasis added)), to the court's discussion of the evidence, *see*

*id.* ("[Not] a single person in the evidence . . . indicates that they have been present with Mr.

Mason while he has been hunting."), to the court's conclusion, *see id.* at 65 ("[T]here is just

insufficient evidence that each of those guns was *used* for a lawful sporting . . . purpose, and that

is what is required . . . ." (emphasis added)), the court erroneously narrowed the inquiry to the

question whether Mason could prove that he had actually used each firearm for a lawful sporting

purpose.

Our conclusion that the district court erred does not resolve this appeal, however; we now

consider whether that error was harmless.  *See* Fed R. Crim. P. 52(a) (an error that does not

10

affect a party's substantial rights "must be disregarded"). "Where we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (internal quotation marks omitted); *Cavera*, 550 F.3d at 197 (concluding potential sentencing error was harmless where alternative independent ground supported challenged sentence). The government bears the burden of persuasion to show that an error was harmless. *United States v. Olano*, 507 U.S. 725, 734-35 (1993). In this appeal, the government failed to present an alternative argument that any sentencing error was harmless. Nonetheless, "[w]e have discretion to consider the harmlessness of an alleged error even though the Government has not argued this line of defense." *United States v. Dolah*, 245 F.3d 98, 107 (2d Cir. 2001), *abrogated on other grounds*, *Crawford v. Washington*, 541 U.S. 36 (2004). Here, we conclude that the district court's error was harmless.

By its terms, the Guideline requires a defendant to prove that he possessed *each* firearm at issue solely for lawful sporting purposes or collection. *See* U.S.S.G. § 2K2.1(b)(2) (providing that the reduction applies if the defendant "possessed *all* ammunition and firearms solely for lawful sporting purposes or collection" (emphasis added)). The district court found that Mason possessed four firearms, including, specifically, a 12 gauge shotgun—a finding that Mason does not challenge on appeal. But before the district court, he denied having possessed that firearm and provided virtually no evidence as to his or anyone else's purpose for possessing it. By denying mere possession of the 12 gauge shotgun, Mason cannot be said even to have claimed—let alone proven by a preponderance—that he possessed that firearm for lawful sporting purposes. He therefore did not demonstrate his eligibility for a reduction under Section 2K2.1(b)(2).

**CONCLUSION**

For the foregoing reasons, the judgment of the district court is AFFIRMED.