13-2238-cr
USA v. Pressley

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         ROBERT D. SACK,
         RAYMOND J. LOHIER, JR.,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                          13-2238-cr

LEROY PRESSLEY,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              DONALD CRETELLA, Zingaro &
                           Cretella, LLC, Bridgeport,
                           Connecticut.

FOR APPELLEE:              ROBERT M. SPECTOR, Assistant
                           United States Attorney (Sandra
                           S. Glover, Assistant United

1

States Attorney (Of Counsel), on the brief), for Deirdre M. Daly, Acting United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a sentence of the United States District Court for the District of Connecticut (Burns, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Leroy Pressley appeals from a judgment of conviction entered on May 23, 2013, following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 942(a)(2). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

At sentencing, Pressley requested a below-Guidelines sentence of time served (then about 33 months). Pressley did not dispute that he faced a Guidelines range of 46 to 57 months; rather, he argued that a downward departure was warranted because of his difficult upbringing and potential to be a leader of the community. The district court disagreed, sentencing Pressley to 57 months. Pressley now appeals on the grounds that his sentence is procedurally and substantively unreasonable.

We review criminal sentences for reasonableness. This is a deferential standard of review. See Gall v. United States, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009). The standard of review for both inquiries is abuse of discretion. United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008).

A.    Procedural Challenge.

     "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall, 552 U.S. at 51).

     Pressley asserts in conclusory fashion that the district court "improperly calculat[ed] the sentence, therefore resulting in an unreasonable and inappropriate top of the guidelines [sentence] sought by the Government." Appellant's Br. 7.  He also seems to take issue with the district court's failure to depart from the Guidelines.

     Pressley's vague claims of procedural error are unsupported by argument and, in any event, without merit. Although Pressley's plea agreement calculated a preliminary Guidelines range of 41 to 51 months, that calculation was "preliminary" and, as the presentencing report ultimately demonstrated, incorrect.  Tr. of Sentencing at 12, May 23, 2013.  At the sentencing hearing, Pressley agreed that the presentencing report's calculation (46 to 57 months) was accurate.  Id. at 12-13.

     More broadly, there is no indication from the record that the district court rejected Pressley's arguments (for leniency or a downward departure) based on a misunderstanding of the Guidelines.  Rather, it is clear that the court took seriously the impassioned statements from Pressley and his supporters concerning Pressley's mitigating arguments and potential to rehabilitate himself--and the Government's request for an upward departure was rejected.  In the end, the district court simply did not accept that Pressley's troubled upbringing should mitigate culpability for his crime, particularly in light of his post-indictment conduct and the seriousness of the offense of conviction.  The district court carefully explained its 57-month sentence, as required by the Guidelines and our case law.  We accordingly reject Pressley's claims of procedural error.

3

B.   <u>Substantive Challenge.</u>

Pressley's perfunctory briefing claims that his sentence "was unwarranted, unreasonable and excessive." Appellant's Br. 6.  Construing this as a challenge to substantive reasonableness, we affirm.

"In reviewing [a sentence] for substantive reasonableness, we consider the totality of the circumstances, and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions[.]" <u>United States v. Mason</u>, 692 F.3d 178, 181 (2d Cir. 2012) (internal quotation marks and citation omitted).  The standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." <u>United States v. Rigas</u>, 583 F.3d 108, 123 (2d Cir. 2009).

Pressley's 57-month sentence is within the properly-calculated Guidelines range.  Although we do not presume that a sentence within the Guidelines range is reasonable, we "recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." <u>United States v. Fernandez</u>, 443 F.3d 19, 27 (2006).  Based on our review of the record, and taking into account Pressley's offense of conviction, his lengthy criminal history, and his post-offense conduct (such as assaulting a fellow inmate), we cannot conclude that the district court's Guidelines-range sentence is substantively unreasonable.

For the foregoing reasons, and finding no merit in Pressley's other arguments, we hereby AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4