13-1593-cr
USA v. Gonzalez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         ROBERT D. SACK,
         GERARD E. LYNCH,
                 **Circuit Judges**,

- - - - - - - - - - - - - - - - - - - - -X

**UNITED STATES OF AMERICA,**
      **Appellee**,

      -v.-                             13-1593-cr

**OMAR GONZALEZ,**
      **Defendant-Appellant.**[1]
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          LAURIE S. HERSHEY, Manhasset, New York.

---

[1] The Clerk of Court is directed to amend the caption as above.

1

**FOR APPELLEE:**                          AIMEE HECTOR and JUSTIN S. WEDDLE, Assistant United States Attorneys, Of Counsel, <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a sentence of the United States District Court for the Southern District of New York (McMahon, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Omar Gonzalez appeals from a judgment of conviction entered on April 18, 2013, sentencing him chiefly to 84 months' imprisonment.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Gonzalez was convicted by a jury in 2010 of one count of conspiracy to distribute and to possess with intent to distribute cocaine, heroin, ketamine, and morphine, in violation of 21 U.S.C. § 846 (Count 1), and three substantive counts of distributing and possessing with intent to distribute cocaine (Count 2) and attempting to distribute and to possess with intent to distribute morphine (Count 3) and ketamine (Count 4), all in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C).

This is Gonzalez's second sentencing appeal. He was sentenced originally to four concurrent terms of 120 months' imprisonment, the mandatory minimum provided by 21 U.S.C. §§ 846 and 841(b)(1)(B) for his conviction of conspiracy to traffic in 500 or more grams of a substance containing cocaine.  We vacated that sentence and remanded for resentencing on the ground that the Second Superseding Indictment was insufficient to support Gonzalez's sentencing under § 841(b)(1)(B), because it did not state the quantity of cocaine allegedly involved in the conspiracy.  <u>See</u> <u>United States v. Gonzalez</u>, 686 F.3d 122 (2d Cir. 2012).

On remand, Judge McMahon sentenced Gonzalez to 84 months' imprisonment.  Gonzalez primarily challenges the procedural and substantive unreasonableness of that sentence.  For the reasons that follow, we affirm the conviction and sentence.

2

I.  Reasonableness of Sentence.

    We review criminal sentences deferentially, for reasonableness only.  See Gall v. United States, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").  "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009).

    A.  Procedural Reasonableness.  "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence."  United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall, 552 U.S. at 51).

    Gonzalez first argues that the district court procedurally erred because it "did not make manifest on the record" that it considered relevant § 3553(a) factors, such as his military service, the "role he has played as a father figure . . . and provider for his extended family," and his steady employment and status as a business owner.  See Appellant's Br. 15, 16, 19.

    The district court rejected the Government's request for a sentence within the Guidelines range of 188 to 235 months and selected a sentence of only 84 months.  In doing so, the district court told Gonzalez that, "nice guy though you be, winning the affection of outstanding lawyers and being a loving father, you have lived a serious criminal life[,]" Tr. of Sentencing, at 20 "and I think there is nothing wrong with the calculation of your [G]uideline range," id. at 19-20.  The below-Guidelines sentence of only 84 months was based on Gonzalez's otherwise good character; his consecutive, unserved term of imprisonment in Puerto Rico on unrelated charges (with its concomitant impact on his family); his personal and vocational strides in prison; and his improper placement in solitary confinement prior to resentencing.

3

"We have imposed no . . . requirement that a sentencing judge precisely identify either the factors set forth in § 3553(a) or specific arguments bearing on the implementation of those factors in order to comply with her duty to consider all the § 3553(a) factors along with the applicable Guidelines range." United States v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006) (emphasis in original). Given the district court's stated familiarity with Gonzalez's background and characteristics relevant to sentencing, as well as its explanation of some of the considerations that had bearing on the sentencing determination (both in terms of the seriousness of the offense and the mitigating personal characteristics of the defendant), there is no error (let alone plain error) in the district court's failure to "robotically" recite each § 3553(a) factor or argument raised by the defense. United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005).

Gonzalez also contends he should have received a adjustment for acceptance of responsibility. While he admitted his guilt as to Counts 2 though 4, Gonzalez denied participating in numerous cocaine and heroin transactions that the Government proved at trial. For example, Gonzalez testified that he had never sold cocaine to any customers, save for 50 grams to an undercover officer; the jury determined, however, that he had in fact participated in the sale of over 500 grams of mixtures and substances containing cocaine. We do not disturb a district court's decision not to grant a downward departure for acceptance of responsibility "unless it is without foundation," United States v. Defeo, 36 F.3d 272, 277 (2d Cir. 1994). Here, the record strongly supports the district court's decision.

Next, Gonzalez asserts that the district court should have recalculated his Guidelines range in light of this Court's ruling on his first appeal. Gonzalez did not object to the Guidelines calculation on remand, nor does he now indicate how it should have been revised. In any event, our prior ruling dealt only with the applicability of the mandatory minimum under 21 U.S.C. § 841(b)(1)(B), not with the Guidelines range; accordingly, there was no plain error in the district court's decision to rely on the original guidelines calculation. See Gonzalez, 686 F.3d at 133 ("He should have been sentenced under § 841(b)(1)(C), which deals with indeterminate quantities of narcotics[.] [W]e remand for the court to resentence Gonzalez, on all counts, pursuant to § 841(b)(1)(C).").

Finally, Gonzalez argues that the district court's calculation of the applicable drug quantity was incorrect because it relied in part on three kilograms of cocaine possessed by Gonzalez's co-conspirators before Gonzalez joined the conspiracy. As we explain below, the district court properly understood the scope of co-conspirator liability in this Circuit. See infra, Part II.C. In any event, any error was harmless because, even without those three kilograms, Gonzalez's base offense level would have remained 34. See U.S.S.G. § 2D1.1(c)(3).

Accordingly, the district court committed no procedural error.

B. Substantive Reasonableness. Finally, Gonzalez challenges his sentence as substantively unreasonable. "In reviewing [a sentence] for substantive reasonableness, we consider the totality of the circumstances, and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions[.]" United States v. Mason, 692 F.3d 178, 181 (2d Cir. 2012) (internal quotation marks and citations omitted). This standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

Gonzalez faults the district court for declining to run the sentence at least partially concurrent with the 16-year term in Puerto Rico. Ultimately, the record shows that the district court thoughtfully considered all of the relevant sentencing factors Gonzalez presented (such as the impact of his upcoming prison terms on his family and his personal growth since his conviction) in light of the seriousness of his offenses of conviction and his criminal history. See Tr. of Sentencing, at 21 ("I can certainly take the fact [of the Puerto Rican sentence] into account, and I intend to do so[,] . . . but I just don't intend to let you walk . . . with no additional time beyond today for this crime."). After doing so, the district court imposed a sentence 104 months below the advisory Guidelines range. Based on our review of the record, we cannot conclude that that sentence is substantively unreasonable.

5

## II. Remaining Arguments

With leave of court, Gonzalez filed a Supplemental <u>Pro Se</u> Brief and a <u>Pro Se</u> Reply Brief.

A. <u>Sufficiency of the Indictment</u>. Gonzalez argues in his <u>Pro Se</u> Reply Brief that the Indictment "did not adequately state a crime under section . . . 841(b)(1)(C) because it did not allege a drug quantity." <u>Pro Se</u> Reply Br. 14. This argument is meritless, however, because "[s]ection 841(b)(1)(C) covers distribution of unspecified amounts of cocaine. Thus, allegations of distribution of cocaine or possession with intent to distribute cocaine are sufficient to state a complete offense under that statute." <u>Santana-Madera v. United States</u>, 260 F.3d 133, 142 n.5 (2d Cir. 2001).

B. <u>Supervised Release Term</u>. Gonzalez argues that his sentence violates <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), because the jury allegedly did not find facts sufficient to trigger the mandatory minimum term of supervised release. Supp. <u>Pro Se</u> Br. 7. We reject this claim out of hand, however, as the minimum six-year term of supervised release mandated by 21 U.S.C. § 841(b)(1)(C) (under which Gonzalez was properly sentenced) does not depend on a finding of any particular drug quantity. <u>See</u> § 841(b)(1)(C) ("[A]ny sentence imposing a term of imprisonment under this paragraph shall, . . . if there was [] a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment.").

C. <u>Jury Instruction</u>. Finally, Gonzalez challenges the district court's jury instruction on co-conspirator liability. Specifically, Gonzalez claims that the district court erred in instructing the jury that "when a defendant joins a conspiracy 'he becomes responsible for all that was done before he joined,'" to the extent those acts are reasonably foreseeable and within the scope of the defendant's agreement. <u>Pro Se</u> Reply Br. 7; <u>see also</u> Government's Sur-Reply Br. 5.

This instruction was an accurate assessment of our well-established law, and the jury was free to judge the evidence in this light. <u>See</u> <u>United States v. Santos</u>, 541 F.3d 63, 73 (2d Cir. 2008) ("'A defendant need not have joined a conspiracy at its inception in order to incur

6

liability for the unlawful acts of the conspiracy committed both before and after he or she became a member[.]'") (quoting United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992)) (internal alteration omitted).  Gonzalez's "confusion here is that, with regard to liability for conspiracy, a defendant may be legally responsible for acts of coconspirators prior to that defendant's entry into the conspiracy, . . . whereas, with regard to substantive offenses, a defendant cannot be retroactively liable for offenses committed prior to his joining the conspiracy." United States v. Blackmon, 839 F.2d 900, 908-09 (2d Cir. 1988) (emphasis in original, citation omitted).  The district court's instruction did not violate these principles.

    For the foregoing reasons, and finding no merit in Gonzalez's other arguments, we hereby AFFIRM the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

7