United States v. Bliss

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         ROBERT D. SACK,
         GERARD E. LYNCH,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
United States of America,
         Appellee,

         -v.-                                    13-649-cr

Heather Bliss,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          RANDALL D. UNGER, Law Offices of
                        Randall D. Unger, Bayside, New
                        York.

FOR APPELLEE:           RAHUL KALE, Assistant United
                        States Attorney (with Edward
                        Chang, Assistant United States
                        Attorney, Of Counsel, on the

1

brief), <u>for</u> Deirdre M. Daly, United States Attorney for the District of Connecticut, Bridgeport, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Heather Bliss appeals from a judgment of conviction entered on February 19, 2013, sentencing her chiefly to 30 months' imprisonment following her guilty plea to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. Bliss challenges the procedural and substantive reasonableness of her sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

From 2005 through 2009, Bliss, together with her husband, William Trudeau, and other co-conspirators, defrauded banks and mortgage lenders of millions of dollars.[1] As part of the scheme, Bliss submitted false applications for mortgage loans that were used to purchase properties, and executed worthless mortgages to secure cash loans from private lenders in order to perpetrate the fraud. Bliss also owned Huntington South Associates, LLC, a shell company described by the district court as one of the "engine[s] running these frauds." Tr. of Sentencing, at 38, Feb. 12, 2013.

On July 30, 2010, Bliss entered a guilty plea pursuant to a written agreement, subject to the condition that she would not testify against her husband. Trudeau proceeded to jury trial before Judge Hall and was convicted of one count

---

[1]     Bliss's co-conspirators included (1) her husband William A. Trudeau, who orchestrated the scheme; (2) attorney Joseph Kriz, who transferred over $1.2 million from his attorney trust account to Huntington South Associates, LLC, in order to help finance the scheme; (3) mortgage broker Fred Stevens, who knowingly filed false mortgage loan applications; (4) property appraiser Thomas Preston; and (5) attorney John Bryk.

2

of wire fraud and one count of conspiracy to commit mortgage fraud.

The district court sentenced Bliss and Trudeau at a single sentencing hearing on February 12, 2013.  The district court calculated Bliss's Guidelines range as 63 to 78 months' imprisonment, subject to a statutory maximum of 60 months.  Ultimately, Bliss was sentenced to 30 months' imprisonment.[2]  This appeal followed.

Sixth Amendment.  Bliss argues that the district court violated her Sixth Amendment right to a jury trial by calculating the Sentencing Guidelines range using facts found by a preponderance.  This challenge fails because the district court's factual findings affected only the calculation of the non-binding Sentencing Guidelines, not a statutory minimum or maximum penalty.  As the Supreme Court (again) recognized in Alleyne v. United States, 133 S. Ct. 2151 (2013), the Sixth Amendment does not apply to "factfinding used to guide judicial discretion in selecting a punishment 'within limits fixed by law,'" even though "such findings of fact may lead judges to select sentences that are more severe than the ones they would have selected without those facts."  Id. at 2161 n.2 (quoting Williams v. New York, 337 U.S. 241, 246 (1949)).

Although Bliss relies on Peugh v. United States, 133 S. Ct. 2072 (2013), for support, Peugh dealt only with the Ex Post Facto Clause, and is therefore inapposite.  See id. at 2088 ("[T]he Sixth Amendment and Ex Post Facto Clause inquiries are analytically distinct.").

The facts found by the district court did not impact the statutory minimum or maximum sentence to which Bliss was subject.  Accordingly, the district court's fact-finding did not implicate the Sixth Amendment.

Reasonableness of Sentence.  We review criminal sentences deferentially, for reasonableness only.  See Gall v. United States, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").  "Reasonableness

---

[2]    Trudeau, the mastermind of the scheme, was sentenced to 188 months.

review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009). The standard of review for both inquiries is abuse of discretion. United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008).

Procedural Reasonableness. "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall, 552 U.S. at 51).

Bliss argues that her sentence was based on an erroneous loss calculation. The district court held Bliss accountable for the entire loss caused by the fraudulent scheme, $4,260,008.40--a finding that raised her offense level by 18 points. See U.S.S.G. § 2B1.1(b)(1)(J). Bliss accepts responsibility for a loss amount of only $38,700, and contends that the balance was neither caused by nor reasonably foreseeable to her.

A district court need only make a "reasonable estimate" of the loss amount for purposes of determining a defendant's offense level under the Sentencing Guidelines. See U.S.S.G. § 2B1.1 cmt. n.3(C). The loss amount attributable to a particular defendant includes the loss caused by the defendant's own acts and omissions and, "in the case of jointly undertaken criminal activity[,] . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1); see also United States v. Royer, 549 F.3d 886, 905 (2d Cir. 2008).

"We review the district court's factual findings on loss for clear error and its conclusions of law de novo." United States v. Carboni, 204 F.3d 39, 46 (2d Cir. 2000). And because the district court "presided over a week[]-long trial and heard a great deal of live testimony" pertinent to the workings of the fraudulent scheme and Bliss's role in it, the court's "'loss determination is entitled to . . . deference.'" United States v. Lacey, 699 F.3d 710, 720 (2d Cir. 2012) (quoting U.S.S.G. § 2B1.1 cmt. n.3(C)).

4

The district court, having presided over Trudeau's trial, was familiar with the workings of the fraud and Bliss's role in it. Evidence adduced at trial and in Bliss's submission support the district court's conclusion that although the conspiracy was "led by Mr. Trudeau," Bliss was "involved from the beginning" and was "all over everything[:] . . . [s]he's filling out or signing mortgage applications that are . . . just bold face lies" and, later, providing mortgages to victims "to keep the house of cards up." Tr. of Sentencing, at 88, Feb. 19, 2013. Bliss, moreover, was "savvy and sophisticated about the manner in which the mortgage business worked and had no problem signing the false applications." PSR ¶ 20 (recounting trial testimony of mortgage broker and co-conspirator Fred Stevens). The district court was certainly free to reject Bliss's claim to be an unwitting participant who was unaware of the schemes. The district court did not clearly err in holding Bliss responsible for the entirety of the loss caused by the fraud.

Bliss also argues that the district court improperly rejected her application for a departure based on her family circumstances. "[S]uch a departure is not permitted except in extraordinary circumstances." United States v. Cutler, 520 F.3d 136, 164 (2d Cir. 2008) (internal quotation marks omitted). In any event, "'a refusal to downwardly depart is generally not appealable,' and . . . review of such a denial will be available only 'when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.'" United States v. Stinson, 465 F.3d 113, 114 (2d Cir. 2006) (per curiam) (quoting United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005)). "In the absence of 'clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority,' we presume that a sentenc[ing] judge understood the scope of his authority." Id. (quoting United States v. Gonzalez, 281 F.3d 38, 42 (2d Cir. 2002)).

Nothing in the record suggests that the district court failed to understand its authority to grant the requested departure. The court considered Bliss's arguments and attempted to craft a sentence that reflected "the seriousness of [the] offense." Tr. of Sentencing at 170-71, Feb. 12, 2013. The district court then balanced that against Bliss's positive characteristics, including her role as a supportive mother. Id.

5

Substantive Challenge.  "In reviewing [a sentence] for substantive reasonableness, we consider the totality of the circumstances, and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions[.]"  United States v. Mason, 692 F.3d 178, 181 (2d Cir. 2012) (internal quotation marks and citation omitted).  The standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law."  United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

The record confirms that the district court thoughtfully considered all of the relevant sentencing factors Bliss presented in light of the seriousness of the offense of conviction and her criminal history.  After doing so, the district court imposed a sentence well below the advisory Guidelines range.  Based on our review of the record, we cannot conclude that that sentence is substantively unreasonable.

For the foregoing reasons, and finding no merit in Bliss's other arguments, we hereby **AFFIRM** the judgment of the district court.

<div style="margin-left:50%">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>