13-2204-cr
USA v. Breynin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of September, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         DEBRA ANN LIVINGSTON,
                        **Circuit Judges.**

- - - - - - - - - - - - - - - - - - - -X

**UNITED STATES OF AMERICA,**
         **Appellee,**

         **-v.-**                        **13-2204-cr**

**ALEKSEY BREYNIN,**
         **Defendant-Appellant.**
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLEE:                Amy Busa and Amanda Hector, Assistant United States Attorneys, Of Counsel, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

1

**FOR APPELLANT:**                    Colleen P. Cassidy, Of Counsel,
                                     Federal Defenders of New York,
                                     Inc., New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Aleksey Breynin appeals from a judgment of conviction entered on June 24, 2013, sentencing him chiefly to 24 months' imprisonment.  He primarily challenges the district court's imposition of certain sentencing enhancements.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On January 3, 2012, Breynin pleaded guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, for his involvement in a multi-year scheme in which he and co-conspirators used account information stolen from credit-card holders in the United States to purchase merchandise that was ultimately shipped to various locations in Eastern Europe.

At sentencing, the district court accepted the Government's request for two two-level enhancements to the base offense level of 16, finding that Breynin's offense involved "trafficking of any unauthorized access device[s]," U.S.S.G. § 2B1.1(b)(11)(B)(I), and that "a substantial part of [the] scheme was committed from outside the United States," U.S.S.G. § 2B1.1(b)(10)(B).  The resulting offense level was 20, and the Guidelines range was 33 to 41 months' imprisonment.  Absent these enhancements, the Guidelines range would have been 21 to 27 months.

Breynin's appeal raises close questions as to whether these enhancements were imposed in error.  To avoid making new law, we remanded the case pursuant to the procedure outlined in <u>United States v. Jacobson</u>, 15 F.3d 19, 22 (2d Cir. 1994), to solicit the district court's view as to whether it would have imposed the same sentence regardless of the disputed enhancements. <u>Cf.</u> Tr. of Sentencing, at 61, May 29, 2013 ("I think I'd end up giving the same sentence no matter how the [G]uidelines came out in this case.").  An affirmative answer would obviate the need for us to rule on

Breynin's procedural challenges by rendering any procedural error "harmless."  See United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009).

Our summary order issued April 23, 2014; Judge Cogan issued a responsive order the next day.[1]  That order stated clearly that "[t]he issue did not make a difference in the determination of the sentence."  11-cr-471 (BMC), ECF No. 60 (Apr. 24, 2014).

Given that any procedural error that might have occurred can now be deemed harmless, see Jass, 569 F.3d at 68, the only issue remaining is whether the 24-month sentence imposed is substantively reasonable.  We hold that it is.

"In reviewing [a sentence] for substantive reasonableness, we consider the totality of the circumstances, and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."  United States v. Mason, 692 F.3d 178, 181 (2d Cir. 2012) (citation and internal quotation marks omitted).  The standard "provide[s] a backstop for those few cases that [would] damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law."  United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

Absent the disputed enhancements, the Guidelines range would have been 21 to 27 months--Breynin's 24-month sentence is squarely in the middle of that range.  There is no presumption that a sentence within the Guidelines range is reasonable; but "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."  United States v. Fernandez, 443 F.3d 19, 27 (2006).  Here, the district court acknowledged Breynin's ailments and his persecution in his home country of Uzbekistan.  Nonetheless, the district court found that these did little to mitigate Breynin's participation in a

---

[1]    Judge Cogan's order directed that we receive a copy of it.  Our receipt of that order was delayed until August 28, 2014, for reasons outside the district court's control.

serious offense and his willingness to involve his minor son in it.  Based on our review of the record, and fairly taking into account Breynin's lengthy, substantial involvement in this complex and damaging conspiracy, we cannot conclude that the district court's sentence of 24-months is substantively unreasonable.

For the foregoing reasons, and finding no merit in Breynin's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4