18-3492-cr
*United States of America v. Thomas Murtha*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty.

Present:
> PIERRE N. LEVAL,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                      18-3492-cr

THOMAS M. MURTHA,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | MOIRA L. BUCKLEY, Assistant Federal Defender (Terry S. Ward, Federal Defender *on the brief*), Hartford, Connecticut |
| For Appellee: | JENNIFER R. LARAIA, Assistant United States Attorney (John H. Durham, United States Attorney for the District of Connecticut, David T. Huang, Assistant United States Attorney *on the brief*), New Haven, Connecticut |

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Thomas M. Murtha ("Murtha") appeals from a November 20, 2018 judgment of the United States District Court for the District of Connecticut (Shea, *J.*) convicting him, based on his guilty plea, of wire fraud in violation of 18 U.S.C. § 1343. Murtha was sentenced to 78 months of imprisonment, three years of supervised release, and ordered to pay $1,994,467.15 in restitution as well as a $100 special assessment. D.A. at 21–22. Murtha, a lawyer, defrauded several individuals, including clients, family members, and trust beneficiaries, of substantial sums of money. D.A. at 21. On appeal, Murtha argues that his sentence is procedurally unreasonable because the district court mistakenly included in its total loss calculation $660,000 in loss associated with an oral real-estate investment agreement between Murtha and an associate, H.G.[1] Murtha also challenges the substantive reasonableness of his sentence.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

I.   **Procedural Reasonableness**

"We review a sentence for procedural and substantive reasonableness under a 'deferential

---

[1] Including this loss increased Murtha's Guidelines range from 51 to 63 months to 63 to 78 months. D.A. at 117.

abuse-of-discretion standard.'" *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Sampson*, 898 F.3d 287, 311 (2d Cir. 2018). A sentencing court's "underlying factual findings with respect to sentencing, established by a preponderance of the evidence, are reviewed for clear error." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (internal quotation marks and citation omitted). Whether a particular individual is a "victim[] within the meaning of Guidelines § 2B1.1(b)(2) is [] a question of fact." *United States v. Skys*, 637 F.3d 146, 152–53 (2d Cir. 2011). To "hold that a factual finding is 'clearly erroneous,' we must be left with the definite and firm conviction that a mistake has been committed." *United States v. DeSilva*, 613 F.3d 352, 356 (2d Cir. 2010). Where "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Norman*, 776 F.3d 67, 76 (2d Cir. 2015) (internal quotation marks omitted).

On appeal, Murtha renews his challenge to the district court's finding that H.G. was a victim of Murtha's frauds. Murtha does not dispute that H.G. lost the $660,000 he gave Murtha to invest pursuant to their agreement. Nor does Murtha dispute that he used some of H.G.'s money to his own personal benefit, purchasing a residential property in Michigan where Murtha lived with his girlfriend before quitclaiming the property for $1 to a trust for the benefit of the girlfriend's children. Instead, Murtha argues that there was insufficient evidence to conclude that he had fraudulent intent from the outset of his agreement with H.G. and that his subsequent

3

conduct, involving mere breaches of contract, are not sufficient to establish this fraudulent intent. We disagree.

Although breach of contract does not alone constitute fraud, the fact of a contractual relationship between the parties does not "remove a party's conduct from the scope of fraud." *U.S. ex rel. O'Donnell v. Countrywide Home Loans*, *Inc.*, 822 F.3d 650, 658 (2d Cir. 2016). As fraudulent intent "is rarely susceptible of direct proof, and must [] be established by legitimate inferences from circumstantial evidence," the course of the parties' dealings is often a crucial source of evidence of fraudulent intent. *Id.* at 659 (internal quotation marks and citation omitted). In particular, fraudulent misrepresentations made "in the course of performance or to feign performance under the contract" may show the requisite intent. *Id.* (citing *United States v. Naiman*, 211 F.3d 40, 44, 49 (2d Cir. 2000)).

Here, Murtha's conduct provided the district court with sufficient evidence to infer fraudulent intent both at the commencement of his arrangement with H.G. and throughout their course of dealing. In particular, Murtha's 2016 response to a questionnaire from H.G's lawyers indicated that Murtha had placed over $800,000 of his own money at risk in the venture, an assertion which was patently false. Additionally, Murtha misrepresented the purchase date of several properties in this same questionnaire. These misrepresentations in the course of performance, especially considered in connection with Murtha's ongoing fraudulent conduct with regard to other victims, are more than sufficient to show by a preponderance of the evidence that Murtha had fraudulent intent at the time his agreement with H.G. was formed as well as thereafter. Accordingly, the district court's finding that H.G. was a victim of fraud was amply supported by the evidence and, in any case, was not clear error.[2]

---

[2] While the record amply supports the district court's inclusion of H.G.'s loss in its Guidelines

## II. Substantive Reasonableness

This court's "review of a sentence for substantive reasonableness is particularly deferential[,] . . . identifying as substantively unreasonable only those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). "In reviewing [a sentence] for substantive reasonableness, we consider the totality of the circumstances, and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions[.]" *United States v. Mason*, 692 F.3d 178, 181 (2d Cir. 2012) (internal quotation marks and citations omitted).

Contrary to Murtha's claim on appeal, his 78-month sentence is not "shockingly high." *Broxmeyer*, 669 F.3d at 289. First, the sentence was within the correctly calculated Guidelines range of 63 to 78 months' imprisonment. Although there is no presumption that a sentence within the Guidelines range is reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Second, the seriousness of Murtha's conduct supports the sentence. *See United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing wide range of reasonable sentences available to district court). As the district court emphasized, Murtha was "an Officer of the Court for 35 years" yet had

---

calculation, a contrary conclusion would afford Murtha no relief because the district court gave a "detailed explanation" why a 78-month sentence was appropriate "irrespective of the Guidelines range," *i.e.*, because of the seriousness of Murtha's conduct and the need to signal to other lawyers and the public that lawyers do not receive special treatment by virtue of their professional status. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016); *see United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (stating that "[w]here we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless").

exhibited "predatory behavior" in committing the charged crimes against clients and others. D.A. at 109–11. Indeed, the district court stressed the seriousness of this fraud. D.A. at 112. Further, the district court explained the particular need for deterrence in this case in order to send "the right message to lawyers . . . that lawyers [do not] get special deals." D.A. at 118. In these circumstances, the sentence was not outside the broad range of substantively reasonable sentences available to the district court.

We have considered Murtha's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
