14-2459-cr
*United States v. Turner*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of October, two thousand fifteen.

Present:
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*,
> SIDNEY H. STEIN,
> *District Judge*.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                           14-2459-cr

BENJAMIN J. TURNER,

> *Defendant-Appellant*.

_____

For Appellee:                     Susan Corkery, Michael P. Canty, Assistant United States Attorneys, *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (*on submission*).

---

* The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Defendant-Appellant:                    Daniel M. Perez, Law Offices of Daniel M. Perez, Newton, N.J. (*on submission*).

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the sentence imposed by the district court is **AFFIRMED**.

Defendant-Appellant Benjamin J. Turner appeals from a July 3, 2014 judgment of the United States District Court for the Eastern District of New York (Block, *J.*), sentencing him to a total of seventy-four months of imprisonment, after a jury convicted Turner of conspiracy to commit wire and bank fraud, in violation of 18 U.S.C. § 1349; bank fraud, in violation of 18 U.S.C. § 1344; and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). On appeal, Turner challenges his sentence on the grounds that it was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

* * *

After the trial, the United States Probation Office prepared a Presentence Report ("PSR"), which calculated Turner's sentencing range under the United States Sentencing Guidelines ("Guidelines"). The PSR set Turner's offense level at 39 and criminal history category at I. Accordingly, the estimated sentencing range under the Guidelines was 262 to 327 months. At the sentencing hearings — which took place on May 21, June 17, and June 25, 2014 — there was a dispute as to the total loss for which Turner was responsible. At the final sentencing hearing, the district court found that Turner was responsible for $5.5 million in losses, and that Turner personally received around $500,000 in the course of conducting the fraudulent scheme. Based on these findings, the district court deemed Turner's offense level to be 31, in lieu of 39, resulting in an estimated sentencing range under the Guidelines of 108 to 135 months, given

2

Turner's criminal history category. After considering the factors listed in 18 U.S.C. § 3553(a), the district court adopted a below-Guidelines sentence consisting of concurrent 50-month terms of imprisonment on the conspiracy and fraud counts and a consecutive 24-month term of imprisonment on the aggravated identity theft count.

We review sentences for reasonableness. *See United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). The reasonableness standard "applies both to 'the sentence itself' and to 'the procedures employed in arriving at the sentence.'" *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (quoting *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006)). The substantive reasonableness inquiry assesses "the length of the sentence imposed in light of the [§ 3553(a)] factors." *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007). "In reviewing for substantive reasonableness, we consider the totality of the circumstances and reverse only in exceptional cases where the trial court's decision cannot be located within the range of possible decisions." *United States v. Mason*, 692 F.3d 178, 181 (2d Cir. 2012) (citations and internal quotation marks omitted).

We therefore review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also Cavera*, 550 F.3d at 189 ("[A]ppellate courts play an important but clearly secondary role in the process of determining an appropriate sentence. We review the work of district courts under a 'deferential abuse-of-discretion standard.'" (quoting *Gall*, 552 U.S. at 41)). "The abuse-of-discretion standard incorporates *de novo* review of questions of law (including interpretation of the Guidelines) and clear-error review of questions of fact." *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008).

3

Turner claims, first, that the district court did not properly consider the § 3553(a) factors and that the sentence of seventy-four months' imprisonment was "shockingly high" in light of his personal circumstances. He argues, in particular, that the district court failed to consider evidence regarding the support of his family and his difficult upbringing. He cites evidence of numerous family members, colleagues, and friends submitting letters on his behalf, detailing his upstanding personal characteristics. But the district court in fact considered such factors and counted them in favor of Turner. At the sentencing hearing, Judge Block noted, "You have wonderful family support and your wife's support. That's certainly something which weighs well in terms of the calculus of how we come out with this number that we have to come out with." We find no abuse of discretion in the district court's consideration of the information and, indeed, the specific weight a district court affords a § 3533(a) factor is generally beyond appellate review. *See United States v. Verkhoglyad*, 516 F.3d 122 (2d Cir. 2008) ("[T]he weight to be afforded by any § 3553(a) factor 'is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable.'" (quoting *Fernandez*, 443 F.3d at 32)).

Turner next argues that his crimes, while "undoubtedly serious," were "eclipsed by other financial crimes in recent memory." He points, for instance, to *United States v. Ebbers*, 458 F.3d 110 (2d Cir. 2006), where the defendant was responsible for losses in excess of $1 billion — significantly more than the $5.5 million loss for which Turner was responsible — yet received a sentence only four times as long as Turner's sentence. Notably, however, the district court made explicit that the § 3553(a) factors, not the $5.5 million loss calculation, would drive its determination of the sentence. Turner contends that his sentence was "more than double the average fraud sentence imposed nationally or in this Circuit." The evidence Turner cites,

however, is highly generalized, and we note that Turner's crimes do not amount to a run-of-the-mill "fraud."

Finally, Turner argues that the district court failed to consider Turner's age and empirical evidence suggesting that his age is connected to a low likelihood of recidivism. Turner was in his early forties when he embarked on his fraudulent scheme and was fifty years old at the time of sentencing. While we have recognized that a defendant's older age may "indicate a decreased likelihood of recidivism," *United States v. Hernandez*, 604 F.3d 48, 54 (2d Cir. 2010), we have also discredited the low recidivism argument where evidence shows that "[a]ging clearly has not increased [a defendant's] respect for the law," *United States v. Trupin*, 475 F.3d 71, 75–76 (2d Cir. 2007), *vacated on other grounds*, 552 U.S. 1089 (2008). We cannot conclude that the district court failed to consider Turner's age, or that it was somehow improperly weighted.

We have considered Turner's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5