09-5175-cr
United States v. Andujar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand ten.

PRESENT:      REENA RAGGI,
              DEBRA A. LIVINGSTON,
              DENNY CHIN,
                   *Circuit Judges*.
----------------------------------------------------------------
UNITED STATES OF AMERICA,

                   *Appellee*,

              v.                                    No. 09-5175-cr

MARIANO ALFREDO ANDUJAR, a.k.a. JESUS
LARA, a.k.a. MILTON ANTONIO JIMENEZ,

                   *Defendant-Appellant*.
----------------------------------------------------------------
FOR APPELLANT:      Yuanchung Lee, of Counsel, Federal Defenders of New York, Inc., New York, New York.

FOR APPELLEE:       Emily Berger, Seth D. Ducharme, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on December 4, 2009, is AFFIRMED.

Defendant Mariano Alfredo Andujar, who pleaded guilty to one count of illegal reentry after deportation, see 8 U.S.C. § 1326(a), (b)(2), appeals from a judgment sentencing him principally to 57 months' imprisonment, the low end of a 57 to 71 month Guidelines range based on a total offense level of 21 and a Criminal History Category of IV. We review a sentence for reasonableness, see United States v. Booker, 543 U.S. 220, 261-62 (2005), a standard akin to review for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc). "Reasonableness review involves consideration of both the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural reasonableness)." United States v. Canova, 485 F.3d 674, 679 (2d Cir. 2007). In undertaking this review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Reasonableness

Andujar argues that the district court impermissibly accorded a presumption of

reasonableness to his Guidelines range as evidenced by its failure to explain "why a sentence within the much lower range set forth in the plea agreement would not have sufficed."[1] Appellant's Br. at 18; see also Nelson v. United States, 129 S. Ct. 890, 892 (2009) ("Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable."). We are not persuaded. The district court was required to calculate and consider the correct Guidelines range, see Gall v. United States, 552 U.S. 38, 49 (2007); United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005), and, absent record evidence to the contrary, of which there is none here, we assume that it understood its discretion to depart from that range, see United States v. Legros, 529 F.3d 470, 478 (2d Cir. 2008); see also United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010) (noting that district judge is not required to respond to every argument of counsel). Accordingly, we have no reason to conclude that the district court applied an impermissible presumption in imposing the challenged sentence.

In urging otherwise, Andujar argues for the first time on appeal that the Guideline that applies to his criminal offense, U.S.S.G. § 2L1.2, is due less deference than other Guidelines because it is an "'eccentric' one of 'highly unusual provenance which, unless carefully applied, can easily generate unreasonable results.'" Appellant's Br. at 19 (quoting United

---

[1] The lower 24 to 30 month range was calculated based on an assumption that Andujar had been deported for an aggravated felony, see U.S.S.G. § 2L1.2(b)(1)(C), when, in fact, he had been deported for a violent crime conviction, see id. § 2L1.2(b)(1)(A).

3

States v. Dorvee, 604 F.3d 84, 98 (2d Cir. 2010), amended by, 616 F.3d 174 (2d Cir. 2010)).

In support, Andujar cites to our decisions holding that "a district court may vary from the Guidelines range based solely on a policy disagreement with the Guidelines, even where that [policy] disagreement applies to a wide class of offenders or offenses." United States v. Cavera, 550 F.3d at 191; see also United States v. Tutty, 612 F.3d 128, 131 (2d Cir. 2010) (holding district court committed procedural error "when it concluded that it could not consider a broad, policy-based challenge to the child pornography Guidelines"). We need not here discuss in detail the circumstances relating to the promulgation and modification of U.S.S.G. § 2L1.2. Even assuming that a district court could rely on a policy disagreement with that Guideline to impose a non-Guidelines sentence, we identify no error, let alone plain error, in the district court's decision not to do so here. See United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007) (reviewing unpreserved sentencing arguments for plain error); cf. United States v. Mejia, 461 F.3d 158, 164 (2d Cir. 2006) (holding district court's refusal to exercise discretion to reduce sentence to account for absence of "fast track" procedures reasonable).

2.      Substantive Reasonableness

A defendant challenging the substantive reasonableness of a sentence bears a heavy burden because we afford sentencing courts "very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." United States v. Cavera,

4

550 F.3d at 188; see also United States v. Mazza-Alaluf, 621 F.3d 205, 214 (2d Cir. 2010) ("Because the district court has a particular advantage in assessing the evidence and the defendant, we accord it considerable deference in assigning weight to relevant sentencing factors."), cert. denied, --- S.Ct. ----, 2010 WL 3975752 (Nov. 8, 2010). Indeed, we will set aside a sentence on substantive grounds "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted). Although we do not accord Guidelines sentences a presumption of reasonableness, "in the overwhelming majority of cases, [we recognize that] a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006); accord Rita v. United States, 551 U.S. 338, 347 (2007) (endorsing appellate court presumption of reasonableness).

Andujar argues that his sentence is unreasonably long for three reasons: (1) U.S.S.G. § 2L1.2 establishes a higher offense level than is established for other, allegedly more serious crimes; (2) similarly-situated defendants in districts that employ "fast track" procedures regularly receive lower sentences than Andujar; and (3) the circumstances of his particular situation – principally, the nature of his crime, his alien status, his age, and the length of his prior sentences – warrant a shorter sentence. Even if we were inclined to agree with Andujar's prudential arguments, "[t]he fact that [we] might reasonably have concluded that

5

a different sentence was appropriate is insufficient to justify reversal of the district court." Gall v. United States, 552 U.S. at 51. Ultimately, we are not persuaded that Andujar's 57-month sentence is an exceptional one that cannot be located within the range of permissible choices available to the district court. See United States v. Cavera, 550 F.3d at 189.

We have considered Andujar's other arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court entered on December 4, 2009, is hereby AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court