10-4541-cr
United States v. Rijo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand twelve.

Present:
>  GUIDO CALABRESI,
>  ROBERT D. SACK,
>  PETER W. HALL,
>           *Circuit Judges.*

————————————————————————————————

United States of America,

>           *Appellee*,

>  v.                                                    No.      10-4541-cr

Felecino Rijo, AKA Rijo Felicindo, AKA Felecindo Tijo-Mota, AKA Josue Concepcion, AKA Pabolo Rijo,

>           *Defendant - Appellant*.

————————————————————————————————

FOR APPELLANT:           Steven Y. Yurowitz, New York, N.Y.

FOR APPELLEE:            Sean S. Buckley, Katherine Polk Failla, Assistant United States Attorneys, *of counsel*, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Felecino Rijo[1] appeals from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*) convicting him upon his plea of guilty of illegal reentry in violation of 8 U.S.C. § 1326 and sentencing him to 48 months' imprisonment, three years' supervised release, and a special assessment of $100. He argues on appeal that his below-guidelines sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only where necessary to explain our decision.

We review a district court's sentence for reasonableness, looking "first [to] ensure that the district court committed no significant procedural error" and then reviewing "the substantive reasonableness of the sentence." United States v. Dorvee, 616 F.3d 174, 179 (2d Cir. 2010). We reject Rijo's three arguments concerning procedural errors and hold that his sentence was procedurally and substantively reasonable. As an initial matter, Rijo contends that we should give little deference to the district court's sentence to the extent that it was driven by sentencing guidelines developed without empirical evidence. In Kimbrough v. United States, 552 U.S. 85 (2007), the Supreme Court explained that "in light of the[] discrete institutional strengths" of the

---

[1] Counsel for Appellant notes that Appellant's name is Felicindo Rijo-Mota. The case proceeding before the Southern District of New York named the defendant as Felecino Rijo. Based on the caption from the prior proceedings and in order to preserve ongoing continuity, we refer to Appellant as Felecino Rijo ("Rijo").

district courts and the Sentencing Commission, "a district court's decision to vary from the advisory

Guidelines may attract greatest respect when the sentencing judge finds a particular case outside the

heartland to which the Commission intends individual Guidelines to apply." Id. at 109 (internal

citation and quotation marks omitted). Here, the district court's decision to vary from the

Guidelines garners more respect because the reentry Guidelines appear to be formulated without the

"Commission's exercise of its characteristic institutional role." United States v. Cavera, 550 F.3d

180, 191-92 (2d Cir. 2008); United States v. Jones, 531 F.3d 163, 173 n.7 (2d Cir. 2008).

Rijo contends that the district court's failure to consider the lack of empirical evidence for

the reentry Guidelines amounts to procedural error. This Court has never held that the lack of

empirical evidence underlying a particular guideline automatically renders unreasonable a sentence

within or outside of the guideline. Dorvee, 616 F.3d at 184-88; see also United States v. Perez-

Frias, 636 F.3d 39, 43 (2d Cir. 2011) (noting that "the absence of empirical support is not the

relevant flaw we identified in Dorvee" but rather the fact that Congress ignored the Commission

and amended the guidelines). Contrary to Rijo's argument, in Dorvee we were concerned with "the

fact that the district court was working within a Guideline that is fundamentally different from

most," Dorvee, 616 F.3d at 184, because amendments by Congress over time, which the

Commission opposed, resulted in "cobbled together" Guidelines that recommended sentences above

the statutory maximum, id. at 186. We have no such concern in the present case, even though the

reentry Guidelines were developed without the benefit of empirical evidence, because the reentry

Guidelines clearly reflect two legitimate and distinct policies that bear on sentencing. The offense-

specific enhancement under section 2L1.2 "is designed to deter aliens who have been convicted of a

felony from re-entering the United States," but in contrast the criminal history calculation under

3

section 4A1.1 "is designed to punish likely recidivists more severely." United States v. Carrasco, 313 F.3d 750, 757 n.2 (2d Cir. 2002) (internal citation and quotation marks omitted).

Rijo also contends that the district court's failure to consider the staleness of his prior conviction amounts to procedural error. This argument fails for the same reason. Section 2L1.2's offense-specific enhancement "represents a judgment as to the wrongfulness" of the conduct that led to deportation and is relevant regardless of the time lapse between that conduct and illegal reentry. United States v. Campbell, 967 F.2d 20, 24 (2d Cir. 1992) (explaining that the Sentencing Commission "concluded that the fact that a defendant was deported subsequent to the commission of an aggravated felony is relevant to measuring the severity of the crime of reentry following deportation").

Rijo argues that the same conviction that was used to calculate his criminal history points was also used as an offense-specific enhancement under the reentry Guidelines in section 2L1.2, which resulted in questionable double counting. In Carrasco, 313 F.3d at 757 n.2, we noted that comments to the Guidelines authorize a district court to do precisely what Rijo contends is questionable. "A conviction taken into account under [section 2L1.2(b)(1)] is not excluded from consideration of whether that conviction receives criminal history points pursuant to [section 4A1.1]." See U.S.S.G. § 2L1.2 cmt. 6. "While this may be double counting in a literal sense, double counting is legitimate where a single act is relevant to two dimensions of the Guidelines analysis." Campbell, 967 F.2d at 25. This case does involve the "instance where [Rijo's] prior [conviction] is relevant to determining both the defendant's criminal history category and the offense level for the charged conduct." Id. The district court did not err in using Rijo's 1991 felony

4

conviction to assign an offense-specific enhancement under section 2L1.2 and to calculate his criminal history points under section 4A1.1.

Where we find no procedural error, we will set aside a district court's substantive determination only in "exceptional cases" such that our review becomes a "backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 122-23 (2d Cir. 2009). Where the district court imposed a 48-month sentence when the Guidelines recommended 57 to 71 months, it is "difficult to find that a below-Guidelines sentence is unreasonable." Perez-Frias, 636 F.3d at 43. In this case, the district court heard Rijo's arguments regarding his procedural concerns and the circumstances that he contends warranted leniency, and it concluded "that a sentence somewhat below the guidelines range would be appropriate, given the arguments that I have heard, and to avoid unwarranted disparity." Based on Rijo's criminal history, however, we cannot conclude that the district court did not go far enough in reducing Rijo's sentence. During the approximately 15 years he actually resided in the United States, he was arrested on state charges numerous times, accumulating four convictions. His last arrest led to his federal prosecution for illegal reentry. Given these factors, which the district court clearly considered at sentencing, we cannot conclude that his sentence is outside the "range of permissible decisions." Cavera, 550 F.3d at 189.

We have considered the remainder of Rijo's arguments and find them to be without merit.

Accordingly the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5