14-4077-cr
United States v. Cantin-Echevarria

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of November, two thousand fifteen.

Present:
>DEBRA ANN LIVINGSTON,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges*,
>ANALISA TORRES,
>>*District Judge*.*

———————————————————————

UNITED STATES OF AMERICA,
>*Appellee*,

>v.                                                    14-4077-cr

RAFAEL CANTIN-ECHEVARRIA,
>*Defendant-Appellant*.

———————————————————————

For Appellee: Edward P. Grogan and Rajit S. Dosanjh, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, N.Y. (*on submission*).

For Defendant-Appellant: Lisa Peebles, Federal Public Defender, Paul Evangelista, AFPD, and Molly Corbett, Research and Writing Specialist, Albany, N.Y. (*on submission*).

———————————————

* The Honorable Analisa Torres, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION WHEREOF** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the sentence imposed by the district court is **AFFIRMED**.

Defendant-Appellant Rafael Cantin-Echevarria appeals from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*) sentencing him to seventy months of imprisonment, after Cantin-Echevarria pleaded guilty to illegal reentry into the United States in violation of 8 U.S.C. § 1326(a). On appeal, Cantin-Echevarria challenges that sentence, arguing that it was both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review both the procedural and substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("[A]ppellate courts play an important but clearly secondary role in the process of determining an appropriate sentence. We review the work of district courts under a 'deferential abuse-of-discretion standard.'" (quoting *Gall*, 552 U.S. at 41)).

Cantin-Echevarria argues that the sentence was procedurally unreasonable because the district court did not consider the factors listed in 18 U.S.C. § 3553(a) and failed to provide a sufficient explanation for the particular sentence imposed. Cantin-Echevarria claims that the calculated advisory range under the United States Sentencing Guidelines, owing to his criminal history, resulted in a Guidelines sentence that was substantively unreasonable in light of his underlying offense.

I.     **Procedural Reasonableness**

The district court imposes a sentence that is "procedurally unreasonable if [it] 'fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly

2

erroneous facts, or fails adequately to explain the chosen sentence.'" *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (emphasis omitted) (quoting *United States v. Chu,* 714 F.3d 742, 746 (2d Cir. 2013)). In general, we "take a deferential approach and refrain from imposing any rigorous requirement of specific articulation by the sentencing judge." *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005).

Cantin-Echevarria challenges the procedural reasonableness of his sentence on the grounds that the district court failed to consider the factors listed in 18 U.S.C. § 3553(a) and failed to provide a sufficient rationale for the particular sentence imposed. Because Cantin-Echevarria did not lodge an objection at sentencing, we review for plain error. The record shows that the district court did not plainly err in either respect.

First, the transcript of Cantin-Echevarria's sentencing reveals that the district court recognized and considered the nature of Cantin-Echevarria's violations, his criminal history, the Guidelines sentencing range, and the need for the specific sentence imposed. The district court stated that it had "reviewed everything" and assessed the arguments Cantin-Echevarria had raised. A49. Nevertheless, the district court explained that it could not "ignore [his] criminal history." A49. The district court found that his offense level was twenty-one, his criminal history category was five, and the advisory Guidelines range was seventy to eighty months' imprisonment. It then imposed a sentence of seventy months' incarceration. Indeed, the district court specified that it had arrived at the particular sentence by "reviewing and considering all the information, the pre-sentence report, the submissions by counsel, the sentencing guidelines, [and] the factors outlined in the law." A50. The court explained that it had imposed a sentence at the "low end" of the Guidelines range because it "ha[d] faith" that Cantin-Echevarria would "start to live a good life, an honest life," and would become "a good part of [his] family again and stay out of trouble." A50. The record thus refutes the claim that

3

the court failed properly to consider the relevant § 3553(a) factors. Absent evidence to the contrary, we will not assume that the district court failed to take into account the relevant statutory considerations simply because the sentencing judge did not explicitly cite § 3553(a) or list each of its factors. *See United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008).

Second, the district court's explanation for its within-Guidelines sentence was not so deficient as to constitute plain error. Section 3553(c) requires the sentencing court to state "the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), but it does not require the court to articulate any "specific formulas or incantations," *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012). Instead, "the length and detail required of a district court's explanation varies according to the circumstances." *Id.* At the sentencing hearing, the district court explained that it could not "ignore [the defendant's] criminal history." A49. It emphasized the potential deterrent effect of the sentence. Given Cantin-Echevarria's age, his family circumstances, and his extensive criminal history, the district court hoped that he would "stay out of trouble," and it expressed "faith" that he would not "be back here again . . . when this [was] behind [him]." A50. Although the district court could have more extensively laid out its reasoning, we conclude that the explanation was sufficient and that Cantin-Echevarria's contention to the contrary is without merit.

## II.     Substantive Reasonableness

Last, Cantin-Echevarria also claims that the sentence of seventy months' imprisonment was substantively unreasonable because his criminal history resulted in a sentence that was inconsistent with the offense and, in essence, was based on impermissible double counting. This Court will "set aside a district court's substantive determination" as to an appropriate sentence "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (emphasis omitted) (quoting *United*

4

*States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). "In reviewing for substantive reasonableness, we consider 'the totality of the circumstances.'" *United States v. Mason*, 692 F.3d 178, 181 (2d Cir. 2012) (quoting *Gall*, 552 U.S. at 51).

Cantin-Echevarria's Guidelines offense level for the illegal-reentry offense increased by sixteen because he had one prior felony conviction that was a "crime of violence": his conviction for robbery in the second degree. Cantin-Echevarria argues that this calculation in essence double counts his prior offense since it was also taken into account in determining his criminal history category. But while considering that criminal history in the reentry context "may be double counting in a literal sense," it is nevertheless "legitimate where a single act is relevant to two dimensions of the Guidelines analysis." *United States v. Campbell*, 967 F.2d 20, 25 (2d Cir. 1992). "It is well-established in this Circuit that a district court does not err when it uses a prior offense to calculate *both* the offense level *and* the criminal history category to determine the correct Guidelines range in unlawful reentry cases." *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir. 2006). We have noted that "the offense level and criminal history category 'measure different things. The offense level represents a judgment as to the wrongfulness of the particular act. The criminal history category principally estimates the likelihood of recidivism.'" *Id.* (quoting *Campbell*, 967 F.2d at 24). Regardless, in this case, the sentence the district court imposed was reasonable in light of Cantin-Echevarria's extensive criminal history, which included eight felony convictions. To that end, the within-Guidelines sentence that the district court imposed did not go beyond the "range of permissible decisions." *Cavera*, 550 F.3d at 189.

Cantin-Echevarria also briefly argues that the sixteen-level Guidelines enhancement provision merits "less deference" because the United States Sentencing Commission promulgated it without reference to empirical data. But that contention is inapposite. We

5

have "never held that the lack of empirical evidence underlying a particular guideline automatically renders unreasonable a sentence within or outside of the guideline." *United States v. Rijo*, 467 F. App'x 24, 25-26 (2d Cir. 2012) (summary order); *see United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (noting that "the absence of empirical support [was] not the relevant flaw we identified in *Dorvee*" and finding that appellant's challenge to U.S.S.G. § 2L1.2 on the same grounds was without merit). Accordingly, the district court did not err in imposing a sentence based on that Guidelines enhancement.

## III. Conclusion

We have considered Cantin-Echevarria's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
