24-3154-cr
*United States v. Mercedes-Mejia*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand twenty-five.

Present:

> GUIDO CALABRESI,
> DENNY CHIN,
> EUNICE C. LEE,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

No. 24-3154-cr

FAUSTO RAMON MERCEDES-MEJIA,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | THOMAS R. SUTCLIFFE, Assistant United States Attorney, *for* John A. Sarcone III, United States Attorney for the Northern District of New York, Syracuse, New York. |
| For Defendant-Appellant: | MELISSA A. TUOHEY, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, New York. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Fausto Ramon Mercedes-Mejia appeals from a judgment of the United States District Court for the Northern District of New York (Sannes, *C.J.*) entered on November 15, 2024, following his guilty plea to one count of illegal reentry into the United States after having committed an aggravated felony in violation of 8 U.S.C. § 1326(a). Mercedes-Mejia is a citizen of the Dominican Republic. He was arrested on April 26, 2024, when U.S. Border Patrol agents assisting with a routine traffic stop determined that he was present in the United States without lawful status and previously had been removed. In 2004, Mercedes-Mejia—an undocumented non-citizen at the time—was arrested for participating in a scheme to transport cocaine from El Salvador to Washington, DC. He pleaded guilty to conspiracy to import five kilograms or more of cocaine and was sentenced to ten years of imprisonment and five years of supervised release. Upon completing his sentence, Mercedes-Mejia was deported in 2013.

In the present case, the district court sentenced Mercedes-Mejia to 24 months' imprisonment. The sentence fell within the advisory sentencing range of 21 to 27 months under the United States Sentencing Guidelines. On appeal, he argues that the sentence imposed by the district court was procedurally and substantively unreasonable. We review the procedural and substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018).

2

## I. Procedural Reasonableness

A district court "errs procedurally if it . . . rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Mercedes-Mejia contends that his sentence was procedurally unreasonable because the district court relied on what he claims was a clearly erroneous finding of fact. In particular, he asserts that "[t]here simply was no evidence in the record to support" the district court's finding that his illegal return to the United States "put the country at jeopardy for further potential involvement in the drug trade and illegal criminal conduct." Appellant's Br. at 12-13 (citing App'x at 66-67). We are unpersuaded.

As an initial matter, the Government contends that Mercedes-Mejia "did not raise [this] argument below," so "the plain error standard of review applies." Appellee's Br. at 14. Whether plain or clear error applies need not be addressed here "because [Mercedes-Mejia] cannot demonstrate procedural unreasonableness under any standard of review." *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). The district court acted well within its discretion and committed no error when it determined that Mercedes-Mejia's illegal reentry into the country increased the risk of further illicit drug activity. The last time he was in the country, Mercedes-Mejia participated in a complex scheme to transport significant quantities of cocaine and channel large cash payments in return. Even though the offense took place some time ago, it was more than reasonable for the district court to infer present risk based on past behavior.

## II. Substantive Reasonableness

Mercedes-Mejia also claims that his sentence was substantively unreasonable because his prior conviction "cannot bear the weight the district court assigned to it." Appellant's Br. at 12. He reasons that the offense took place over two decades ago; he was only a low-level player in the

drug-distribution organization; he already "paid greatly" through his ten-year imprisonment; and he has not committed any new crimes since. *Id.* As mitigating factors, Mercedes-Mejia states that he returned to the United States in 2023 only to support an ex-partner's adult child experiencing mental-health challenges, has family responsibilities in the Dominican Republic, intends to return there voluntarily, and has a low risk of recidivism. We again are unpersuaded.

In assessing reasonableness, we "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). Though the factors that Mercedes-Mejia presses are permissible considerations under the totality of the circumstances, we will not override the district court's determination of their appropriate weight. The district court "considered the mitigating factors" and the fact that his previous offense occurred "some time ago," but ultimately it concluded that a lesser sentence would not be "sufficient to reflect the seriousness of this offense, to promote respect for the law, and to provide [Mercedes-Mejia] a just punishment." App'x at 66.

None of the mitigating factors, independently or in aggregate, required the district court to impose a sentence lower than the within-guidelines 24 months it chose. Indeed, we have repeatedly and summarily deemed sentences of similar or longer durations for the same offense to be substantively reasonable. *See, e.g.*, *United States v. Cantin-Echevarria*, 630 F. App'x 16, 19-20 (2d Cir. 2015) (summary order); *United States v. Andujar*, 403 F. App'x 562, 563-64 (2d Cir. 2010) (summary order). The district court did not abuse its discretion by imposing a sentence of 24 months.

\* \* \*

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk
